UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **YVONNE D. BOSTIC,** ) | |
| No. 126024, ) | |
| ) | |
| Petitioner, ) | No. 3:16-cv-00900 |
| ) | Judge Campbell |
| v. ) | |
| ) | |
| f/n/u/ **THOMAS**, *et al.*, ) | |
| ) | |
| Respondents. ) | |

# **M E M O R A N D U M**

Yvonne D. Bostic, an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed a *pro se, in forma pauperis* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging the alleged denial of outpatient mental health services by prison officials. (Docket No. 1). Specifically, the petitioner seeks his release from custody in order to be transferred to "ParkCenter East" as part of an outpatient treatment plan for "persistent mental illness and chronic homelessness." (*Id.* at pp. 2-3). Presently pending before the court is the respondents' motion to dismiss Bostic's petition. (Docket No. 21).

## I.     Introduction

By order entered on June 8, 2016, the court determined that Bostic's petition was more appropriately brought pursuant to 28 U.S.C. § 2241, which allows petitioners to challenge the execution of their state sentences, since Bostic's petition challenges the defendants' failure to release him to an outpatient treatment program. (Docket No. 7 at p. 2). In that same order, the court directed the respondents to file an answer, plead or otherwise respond to the petitioner within twenty-eight days of the entry of this order on the docket. (*Id.*)

1

The respondents subsequently filed a motion to dismiss, asserting that the petitioner has not fully exhausted his state court remedies. (Docket No. 21). The petitioner has not responded to the motion to dismiss.

## II. Exhaustion of Administrative Remedies

It is axiomatic that one may not seek federal *habeas corpus* relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(B); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Any alleged constitutional deprivation must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). The rules pertaining to 28 U.S.C. § 2254 cases are applicable to requests for *habeas corpus* relief brought pursuant to 28 U.S.C. § 2241. See

Rule 1(b), Rules – § 2254 Cases.

## III. Respondents' Motion to Dismiss for Failure to Exhaust State Remedies

The respondents seek dismissal of the petitioner's § 2241 petition on grounds that he has failed to fully exhaust available state remedies. (Docket No. 22). Specifically, the respondents point out that the petition fails to identify any state trial court or appellate action initiated or completed by the petitioner regarding the claims of his petition. (*Id.* at p. 3). On November 13, 2015, the petitioner filed a petition for writ of *habeas corpus* relief in the Tennessee Court of Criminal Appeals, claiming unlawful incarceration because he anticipated being held beyond his expected release date. (Docket No. 23, Attach. 1). On December 21, 2015, the Tennessee Court of Criminal Appeals dismissed the petitioner's filing because "[the] Court's jurisdiction is appellate only, and it may not entertain the filing of an original pleading seeking habeas corpus relief." (*Id.*, Attach. 2). The court is unaware of any action taken by the petitioner in state trial court subsequent to, or previous to, the state appellate court's decision regarding that claim or any claim asserted in Bostic's current federal habeas petition.

Based on the record before the court, Bostic has not met his burden of establishing that he has exhausted all available state court remedies. Consequently, his federal habeas petition must be dismissed without prejudice until the petitioner properly exhausts his state court remedies. *Rose*, 455 U.S. at 522. [1]

The court notes that the petitioner also contends that prison officials are deliberately

---

[1] Even if the court were to consider Bostic's petition as a § 2254 petition, the court has the discretion to stay a prematurely filed § 2254 petition while the prisoner exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005).

indifferent to his mental health issues and are violating his Constitutional rights. (Docket No. 1 at pp. 2-3). In documents submitted by the petitioner subsequent to the filing of his petition (Docket Nos. 14, 16, 18), he complains about his medications, prison officials' failure to respond to the petitioner's grievances, the price of stamps, the lack of toilet paper, and prison staff being able to observe the petitioner while he sits on the toilet, among other allegations. The petitioner cannot raise these kinds of allegations in a petition for writ of *habeas corpus.* These types of claims are more appropriately raised in a civil rights complaint. The court will direct the Clerk of Court to mail the petitioner a blank form complaint for initiating a civil rights complaint in federal court, should he wish to avail himself of this option. The petitioner's ability to prosecute a civil rights action is separate and distinct from pursuing federal *habeas corpus* relief, which is not available to the petitioner at this time because he has not yet exhausted his state court remedies.

**IV. Conclusion**

For the reasons explained herein, the record does not demonstrate that the petitioner has exhausted his state court remedies. Therefore, the respondents' motion to dismiss (Docket No. 21) will be granted for failure to exhaust state court remedies,[2] the petition will be denied, and this action will be dismissed **without prejudice** to refile once the petitioner has exhausted his state court remedies.

An appropriate order will be entered.

_____
Todd J. Campbell
United States District Judge

---

[2] Because the court dismisses the petition for failure to exhaust state court remedies, at this time the court will not reach the merits of the petitioner's claims.